And our last case this morning is Betzner v. Boeing Company. Mr. Wolf. Good afternoon, Your Honors. I'll cut right to it. Our argument here is that the District Court made a pretty obvious error in the remand three days after our notice of removal was filed. The District Court's first order said that evidence should have been attached. We know under Dart-Cherokee and other cases, but most recently under Dart-Cherokee from the Supreme Court, that is incorrect. We promptly moved to reconsider, pointed out Dart-Cherokee. The District Court tried to distinguish it by saying it's limited to a mountain controversy. We know that that's incorrect. In fact, this Court just back in September had a decision hammer that basically says sort of the analysis of Dart-Cherokee in terms of there being no anti-removal presumption. Also applies to federal officer removal. And then the District Court attempted to say that without referencing any military contractor cases, that somehow Boeing is just another regulated party. We know from this Court's decision in Rappel v. CBS that the military contractor cases are different. There's actually now quite a few circuit cases involving asbestos on military aircraft and ships. So our point is, our notice of removal, short, plain statement, it went through all this. B-1 and B-1B military aircraft, all relevant aspects of design and manufacture are controlled by government oversight, by the Air Force. Boeing will make a government contractor defense. Let me ask you a question about how the District Court should have proceeded. So if the District Court had some reason to be skeptical of Boeing's assertion in its notice of removal, that it was acting for the United States government and therefore it could invoke the officer removal statute, what should it have done? Given you time to respond and flesh out with factual support the allegations that you made in your notice? So this Court, potentially, this Court has cautioned District Courts to be a little shy about the sua sponde remand. And I think that's the first piece of advice to District Courts. Why don't you wait for a motion to remand? And in fact, in these military contracting cases, one thing that Boeing has seen before, and I know it's a case that we cite, is that usually the only issue is timeliness. Because the complaint is very vague, lists a lot of companies, it might list 30 companies. And it's only after a deposition, say, that a defendant like Boeing hears, okay, when I was working for this subcontractor, I worked on a military aircraft. Okay, now there's a basis to remove that. Now you have a piece of paper that says you have a basis to remove. So you wait for a motion to remand to see what plaintiffs are actually going to dispute. And this appeal is actually kind of an interesting example of that, because I don't hear the plaintiffs actually disputing the plausibility of the allegations all that much. In fact, the allegations are plausible. So let's get back to your original question. Does the District Court have the authority to go questioning plausible allegations on its own? I don't know how a District Court could do that without basically arrogating to itself the authority to rewrite the rules. Could it do that in the context of 12b-1? Let's imagine it's not removal. Let's say it's a diversity action filed straight away in the District Court, and the District Court has some reason to think that there's not complete diversity of citizenship. So yes, but I don't know when that's triggered. So DART Cherokee says at the very end of the substantive discussion of these issues that no facts are required, no evidence is required, and thus the plaintiff challenges or the District Court. And, of course, we know what a plaintiff's challenge looks like. I mean, the plaintiff could come forward and say, that's not how much is at stake, here's why, or present some evidence or question. That wasn't a military error. I really don't know what the factual challenge would be here, because it's clearly a military error. Okay, but just... I got you. So a District Court can challenge when is not clear, because we know that plausible allegations suffice. They're plausible allegations. The case belongs in federal court. That is a direct quotation from this Court's precedent in Spivey. So does a District Court get to go say, yeah, they're plausible, but I want to see some evidence? I don't know how a District Court does that without running over DART Cherokee. So you're saying that the Court essentially can never sua sponte question the factual basis of the plausible allegations. I'm not saying that, and here's why. Because we know also that District Courts have to check their own jurisdiction, and the parties can't just agree or conspire to, or collude to have a case in federal court. So if the District Court sees an allegation and says, that's not plausible, the District Court could just decline it on its face, right, and say, that's not plausible. It has to be plausible. It's not plausible that this case is a million dollars, or whatever it is. But I think it's open to the District Court to say, I think I need some evidence about that before I believe it. But this is what I'm having trouble with here. I mean, I agree that it only has to be plausible, and I think that that requirement applies not just to a mountain controversy, but to the federal contractor situation as well. But it can't be. I'm trying to figure out what the District Court's so-esponse space is here. Because in a diversity suit filed directly in federal court, you could satisfy the plausibility requirement of the jurisdictional allegation, but the other side, the defendant, could move under 12b-1 to dismiss and say, you know what, you don't really satisfy the amount in controversy. And then the plaintiff would have to pony up and maybe satisfy, unless there was no situation in which there was. So there is a situation. A motion would trigger an obligation for the party invoking federal jurisdiction to have to demonstrate why it satisfies it. So can the District Court, sua sponte, pull that same trigger that a motion would? I think so. A mountain controversy is a little different because 1446 addresses it specifically and says that both sides submit evidence, and the District Court will rule based on a preponderance of evidence. A motion triggers it, but I think the best treatment of it in terms of keeping analytical lines distinct is the Ninth Circuit's opinion in Light v. Crane, where they talk about facial attacks and factual attacks. And so if you have a facial attack, you're just saying those allegations are not plausible. Like, accept them, they're not plausible. I'm sorry, they're not sufficient as a matter of law. It's all true, Boeing made this or that. It's all true, not enough under the law. That's facial. The factual attack, and I think this is a difficult issue. Can a plaintiff just say or a challenging party just say, I call you, I want to see evidence. I think that's too low. I think they need to actually attack the facts and say, here's the fact that we challenge in some way. The Ninth Circuit says, normally when you have a factual attack, you put in some kind of other fact. You put in some kind of evidence. You put in something that questions that amount. Like, you're not really a citizen of Illinois. You got it. You got it. Or there's no way that, let's say, some piece of property was damaged, and the notice of removal says, well, it's worth more than $75,000. You come back and you have numerous listings of similar real estate that's only worth $30,000 or something like that. So if that's the rule, then kind of what flows from that is that the district court can't sua sponte lodge a factual challenge to the jurisdictional allegation. You're hesitant to go that far. I'm hesitant to go that far for just two reasons. I mean, we just see it so many times that the district court has an independent obligation to check its own jurisdiction. And if I think that maybe one of the parties is lying or that these things just don't add up, I have a question about this. I think a district court probably has to have some kind of safety valve to say, can you show me something that proves that? As you say, can I see a driver's license? Whatever it is. Just to prevent a fraud on the court. Whatever it is. But it's a low threshold. I think the proper way to calibrate it, it's like the bell versus hood sort of threshold. That you've got this minimum, the constitutional minimum, the statutory minimum, whatever it is, to make sure that this can be in the federal court. But if you go beyond that, then the district court's essentially doing motions practice for the parties. And here, this case is a good example of that. Because if the only issue is are we going to have evidence or not, that is a procedural issue. That is not a jurisdictional issue. If those allegations are sufficient, the case is properly in federal court. And procedural issues can be waived. So the district court should be waiting for a motion to remand. If one is not filed, then the case is in federal court and there's no motions practice. It's over. It's in federal court. And that's what should have happened here. If the district court questions whether or not the facts can be supported, why couldn't she issue a rule to show cause requiring you to submit something additional, or prioritize discovery on the question regarding why you're in federal court just to ensure jurisdiction? I think the threshold there would have to be that the district court does not find the allegations plausible. If the district court thinks the allegations are plausible and then says, and I also want some evidence, then we're right back into the dark Cherokee problem of requiring evidence with the notice of removal. I guess there are two stages. We know that you can't require evidence with the notice of removal after dark Cherokee. Your question is more like, well, what about after that? So your notice of removal seems fine. Maybe it's short and it's plain and it ticks all the boxes. Can we have evidence after that? That's really for the plaintiff. Otherwise it's the district court engaging in its own motions practice. I hear from district courts all the time, like it's not my job to litigate your case. So that's for the plaintiffs to decide whether they want to challenge it. I don't know that the district court has a rule. But if the reason is to ensure jurisdiction as opposed to the validity of the case, doesn't that make it different, given our obligation to make sure we have jurisdiction? If the court thinks that a necessary allegation is implausible, then perhaps that opens the door. But if the court looks at it and says the allegations are plausible, the case is properly in federal court. This court has been very clear about that. Dark Cherokee is very clear about that. And let me just say, the district court here never challenged the plausibility of the allegations. It was all about the evidence. We attempted to put in evidence, and then that was rejected. And we said we would put in more specific evidence if given the opportunity. I'll wait on the rest of my time for rebuttal. That's fine. Good afternoon. May it please the court. My name is Judith Conway, and I represent the plaintiff appellees Bruce and Barbara Betzner. The district court had a duty to assure itself that it had jurisdiction in this case. And based on the notice of removal and record, which were supplied by Boeing, it could not find a jurisdictional basis, and therefore properly remanded this case to state court. I ask that this court affirm that ruling. 1446A requires a short and plain statement of the grounds of removal. In this case, those grounds are found in 1442A1, under federal officer removal. Additionally, because Boeing has asserted a government contract or defense, there are three prongs under Boyle. The defendants here conflate providing facts or evidence with proving their case. However, facts are what make allegations plausible and defenses colorable. Boeing is in this case because of Mr. Betzner's commercial exposures, which are outlined in his affidavit. But is there anything requiring the defendant, upon removal, to submit evidence to support the removal? Boeing, as the movement, has the burden of establishing jurisdiction, and they need to put forth a sufficient record for a jurisdictional basis to be found. If that were true, why wouldn't you have to include, say, the certificate of incorporation if diversity mattered, or some substantiation that more than $75,000 was in controversy? What's special about this? There is no hard-line rule about what needs to be required. But in order to assert a federal contract or defense, it has to be colorable. And we know from the case law that the courts require a showing. But what's the basis that you have to submit evidence up front to meet that, as opposed to plausible allegations, as the court said in DART-Cherokee? It doesn't have to be evidence. It has to be a factual showing. How they want to show that is up to them. But we know from formally— I don't understand that response. There's no hard-line showing about exactly what needs to be required, so they don't have to— But not evidence. So you're not defending the district court's decision to require evidence. I think evidence is being used in two terms. So in DART-Cherokee in the district court, evidence was referring to an affidavit that was filed after a plausible amount in controversy was stated by the defendant. And the defendant walked the court through all of the bases for that amount in controversy. They stated that it was based on the class size of 400 plaintiffs, the time period of over 10 years, the number of wells, which was 700, and also explained the way about how they quantified the plaintiff's request for relief and came up with a case-specific sum of $8.2 million. The evidence that they're referring to that wasn't required is an affidavit that was attached when that case-specific sum of $8.2 million was questioned. So the Supreme Court found that the facts underlying that were sufficient. Here, we have no facts in the record that connect. The rule of the DART-Cherokee case is that evidentiary submissions are not required. All we need are plausible allegations, a short and plain statement as in Rule 8. Yes, Your Honor. That's all that's necessary. So the district court's demand for an evidentiary submission here was improper under the rule as interpreted in DART-Cherokee. So I disagree because DART-Cherokee is under a mountain controversy, and, again, the grounds for removal are under the Class Action Fairness Act and 1332. But, Counsel, in Liu Junhong, Judge Easterbrook's opinion for the court talked about what was required to invoke admiralty jurisdiction, and there it was causation that mattered. And he said that the DART-Cherokee rule would apply to an allegation of causation connecting it to a maritime issue. So it clearly isn't restricted in our circuit just to the mountain controversy context. Liu Junhong specifically says it applies the plausible allegation requirement to a causation element, too, in the admiralty context. So why wouldn't it here also be the same rule? I don't believe that we have facts or allegations specific in this case to satisfy the requirements under 1442A1 or under the federal contractor defense. There is no allegation or connection between Ling Tumcovot and Boeing, and there is nothing in the facts provided that show that Plaintiff, as a civilian who's working at a private third-party company, was exposed to Boeing products that were manufactured on behalf of the United States military. Boeing manufactures a variety of products. Not all of them are covered by government contracts. They're in a highly regulated industry where they're required to keep and maintain contracts, specifications, manuals, drawings, records, and the like. Boeing, at the moment, chose what to put forth in front of the court. It was their opportunity to include anything they chose, and they chose to include nothing. Here they attempt to blame the district court for their failure to supply a factual basis and somehow says that the court has impeded their ability to provide facts into the record. Boeing attempts to argue that in other cases, because they have successfully availed themselves of the federal officer removal statute with other aircrafts and different facts, that somehow the presumption of removal is appropriate. However, we know that jurisdiction is case-specific and doesn't transfer from one case to another. Boeing, as a moment, carried the burden and failed to meet it. It didn't include any case-specific facts in the record as it has done in other cases. While the defendants don't have to prove their case, we know that they must show that their allegations are plausible and that they have a colorable defense. What about the affidavit attached to the motion for reconsideration that did provide facts and was uncontested? The affidavit was uncontested by the court. It was seven years old. It was from a different case, and it does not in any way relate to my client or the work that he did at Ling-Temco Vought. It was also executed before the plaintiff was even diagnosed with mesothelioma. We know from Twombly that courts are not bound to accept as true legal conclusions that are couched as factual allegations, and Boeing's removal notice is fraught with this. Every case that Boeing relies on has a robust and specific record. In Ruppel, the defendant was CBS. It involved a plaintiff that was in the Navy, and they included three affidavits as well as military specifications. And this court said that the exhibits attached supported the jurisdictional allegations and are what made CBS's defense colorable. In IAT, which Defense Counsel has also mentioned, the plaintiff was in the Air Force, and as was in my record, they attached a case-specific affidavit that outlined how the plaintiff was exposed to Boeing aircrafts while in the military and during his civilian career. In order for a defense to be colorable, it must be legitimate or reasonable given the facts presented. The defendant must show that it is entitled to the defense. Here, Boeing has shown nothing. They attempt to lower the standard for removal. If the court has no further questions, the district court was entitled to assess the basis for jurisdiction and found that none existed, and I ask that you affirm that ruling. Thank you. Mr. Wolf, I think your time had expired, but you can have one minute if you have anything further to add. If the court doesn't have any questions, I'm fine with our briefing. All right. Thank you. Thank you. Our thanks to both counsel. The case is taken under advisement, and that concludes today's calendar. The court will be in recess until tomorrow.